UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIKE SAMADI,

        Plaintiff,

    v.

GUARANTEE TRUST LIFE
INSURANCE COMPANY,

        Defendant.

CIVIL ACTION NO.
1:23-CV-01202-JPB

## ORDER

This matter is before the Court on Guarantee Trust Life Insurance Company's ("Defendant") Motion for Summary Judgment [Doc. 18]. This Court finds as follows:

## PROCEDURAL HISTORY

On March 8, 2023, Mike Samadi ("Plaintiff") filed this action against Defendant in the Superior Court of Gwinnett County. [Doc. 1-1]. In short, Plaintiff asserts that Defendant fraudulently and in bad faith rescinded a life insurance policy. The action was removed to this Court on March 22, 2023. [Doc.

1].  Defendant filed the instant Motion for Summary Judgment on September 13, 2023.  [Doc. 18].  The motion is now ripe for review.[1]

## BACKGROUND

The Court derives the facts of this case from Defendant's Statement of Material Facts [Doc. 19] and Plaintiff's Statement of Material Facts [Doc. 22]. The Court also conducted its own review of the record.

It is important to note that Plaintiff failed to respond to Defendant's Statement of Material Facts.  The Local Rules of this Court require a respondent to a summary judgment motion to include with his responsive brief "a response to the movant's statement of undisputed facts."  LR 56.1(B)(2)(a), NDGa.  The Local Rules make clear that the Court

> will deem each of the movant's facts as admitted unless the respondent:  (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page

---

[1] In response to Defendant's Motion for Summary Judgment, Plaintiff filed a "Motion to Deny Defendant's Motion for Summary Judgment."  [Doc. 22].  The Court construes this motion as a response to Defendant's Motion for Summary Judgment.  After Defendant filed its reply brief, Plaintiff filed a Motion for Leave to Respond to Defendant's Notice of Objections, Motion for Leave to Allow Plaintiff to Complete His Discovery of Defendant and Motion to Stay Defendant's Motion for Summary Judgment Until February 1, 2024.  [Doc. 26].  To the extent that Plaintiff seeks an extension of the discovery period, the motion is denied because the parties had adequate time to complete discovery and no motion was made to extend discovery during the discovery period.  To the extent that Plaintiff requests more time to address the arguments raised in the summary judgment reply briefing, that request is also denied because sur-replies are not typically authorized.

or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1).

LR 56.1(B)(2)(a)(2), NDGa.  Because Plaintiff failed to respond, the Court will deem Defendant's Statement of Material Facts admitted.  The facts of this case, for the purpose of adjudicating the instant motion, are as follows:

On January 7, 2009, John Sherlock applied for a Group Renewable Term Life Insurance Policy GTL 1232803 (the "Policy"), which provided a $200,000 death benefit.  [Doc. 19, p. 2].  Defendant accepted the application, and on February 5, 2009, Defendant issued and delivered the Policy to Sherlock at the address he listed on the application, 4555 Betty's Branch Way.  Id.  About a year later, on January 6, 2010, Defendant received a form purportedly signed by Sherlock requesting to change the ownership of the Policy from himself to Plaintiff.  Id.  Notably, on the form, Sherlock indicated that Plaintiff also resided at the Betty's Branch Way address.  Id.  Defendant accepted and processed the change of ownership in its records.  Id.

On August 19, 2014, Plaintiff faxed Defendant a form requesting a change in ownership of the Policy to designate his wife as a co-owner.  Id.  According to the form, Plaintiff's wife also resided at the Betty's Branch Way address.  Id.  As it

did previously, Defendant processed the change of ownership in its records.  Id. at
3.

On September 9, 2014, Defendant observed that the same insurance agent
who obtained the Policy for Sherlock also procured forty-four other policies, many
on behalf of families with the last name of Sherlock.  Id.  Concerned about
potential fraud, Defendant sent a letter to Sherlock on November 10, 2014, asking
him to complete and execute a Policy Information Update and Verification Form.
Id.  Sherlock never signed or returned the form, and as a result, on June 9, 2016,
Defendant rescinded the Policy retroactive to its inception and refunded all
premiums.  Id. at 3–4.  Despite various complaints from Plaintiff regarding the
rescission of the Policy, the Policy was never reinstated.  Id. at 4.

## DISCUSSION

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary
judgment if the movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."  A material fact is
any fact that "is a legal element of the claim under the applicable substantive law
which might affect the outcome of the case."  Allen v. Tyson Foods, Inc., 121 F.3d
642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such
that a reasonable jury could return a verdict for the nonmoving party."  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Allen, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party."  Id.  After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating summary judgment is improper because a material issue of fact does exist.  Id.  However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

In its Motion for Summary Judgment, Defendant argues that Plaintiff's Complaint is statutorily time-barred.[2]  In the response brief, Plaintiff did not address the statute of limitations argument at all.

As an initial matter, the Court notes that the causes of action asserted in this case are not entirely clear.  In the Complaint, Plaintiff uses terms like bad faith and fraud.  [Doc. 1-1, p. 10].  In his response to the Motion for Summary Judgment, Plaintiff states that his claims are "fraud, deception, and challenging the denial of reinstating the life insurance policy issued by Defendant."  [Doc. 22, p. 3].  After careful consideration, it appears that Plaintiff brings a fraud claim and a bad faith claim sounding in contract.  Regardless of what the claims are, they all stem from Defendant's rescission of the Policy on June 9, 2016, which occurred more than six years before this action was filed in Gwinnett County Superior Court on March 8, 2023.

The claims in this case are subject to either a four-year or six-year limitations period.  Indeed, the statute of limitations for fraud claims is four years. O.C.G.A. § 9-3-31.  Depending on the type of contract claim, several different

---

[2] Defendant alternatively asserts that even if the action is not time-barred, the claim fails for lack of an insurable interest.

limitations periods may apply.  Except for bonds or other instruments under seal,[3]

the longest statute of limitations period relating to a contract claim is found in

O.C.G.A. § 9-3-24, which provides that an action for breach of a written contract

must be brought within six years of the breach.

As stated above, Plaintiff's claims pertain to the June 9, 2016 rescission of

the Policy.  Thus, under a four-year statute of limitations period, the latest Plaintiff

could have brought this action is June 9, 2020.  Under a six-year statute of

limitations period, the latest Plaintiff could have brought this action is June 9,

2022.  Because the action was not filed until March 8, 2023, all claims are time-

barred.[4]  Thus, to the extent that Defendant seeks summary judgment on the basis

of the statute of limitations, the motion is **GRANTED**.

---

[3] O.C.G.A. § 9-3-23 provides that actions upon bonds or other instruments under seal
have a twenty-year statute of limitation.  Neither party claims nor provides evidence that
the Policy is either a bond or an instrument under seal.

[4] The Court recognizes that in response to the COVID-19 pandemic, the Georgia
Supreme Court entered several orders extending the statute of limitations deadlines.
Those orders, however, only extended the deadlines for a period of 122 days.  See
Kennedy v. S. Univ., No. 4:21-cv-172, 2022 WL 628541, at *4–5 (S.D. Ga. Mar. 3,
2022) (explaining COVID-19 tolling order).  Even considering the 122-day extension,
Plaintiff's Complaint was still not timely.

**CONCLUSION**

For the foregoing reasons, this Court **HEREBY GRANTS** Defendant's

Motion for Summary Judgment [Doc. 18].  All other pending motions [Docs. 22,

26 and 28] are **DENIED**.  The Clerk is **DIRECTED** to close this case.

    **SO ORDERED** this 7th day of June, 2024.

_____

**J. P. BOULEE**
United States District Judge
