UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIKE SAMADI,

    Plaintiff,

v.

GUARANTEE TRUST LIFE
INSURANCE COMPANY,

    Defendant.

CIVIL ACTION NO.
1:23-CV-01202-JPB

## ORDER

This matter is before the Court on Mike Samadi's ("Plaintiff") Motion to Set Aside Dismissal, or in the Alternative, Motion to Reconsider Order [Doc. 33]. This Court finds as follows:

### PROCEDURAL HISTORY

Plaintiff filed this action against Guarantee Trust Life Insurance Company ("Defendant") on March 8, 2023, and asserted various causes of action based on Defendant's alleged improper rescission of a life insurance policy in June 2016. [Doc. 1-1, p. 7]. On September 13, 2023, Defendant moved for summary judgment. [Doc. 18]. In the motion, Defendant argued, among other things, that Plaintiff's Complaint was statutorily time-barred. [Doc. 20]. The Court agreed and entered summary judgment against Plaintiff on June 7, 2024. [Doc. 31].

On July 15, 2024, Plaintiff filed the instant Motion to Set Aside Dismissal, or in the alternative, Motion to Reconsider Order. [Doc. 33]. Plaintiff essentially argues that the Court erred in dismissing the action because he discovered the fraud within the last four years.

## LEGAL STANDARD

Plaintiff asks the Court to either set aside its previous order or reconsider it. Motions to set aside are generally governed by Federal Rule of Civil Procedure 60(b). Rule 60(b) permits a party to seek relief from a final judgment under the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Importantly, the movant bears the burden of proving that one of the limited circumstances applies. Am. & Foreign Ins. Ass'n v. Com. Ins., 575 F.2d 980, 983

(1st Cir. 1978).  Moreover, motions under this rule shall be brought within a reasonable time.  Fed. R. Civ. P 60(c).

Motions for reconsideration are governed by the local rules.  Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."  Reconsideration is limited to the following situations:  (1) "an intervening change in controlling law;" (2) "the availability of new evidence;" or (3) "the need to correct clear error or prevent manifest injustice."  Pepper v. Covington Specialty Ins. Co., No. 1:16-CV-693, 2017 WL 3499871, at *1 (N.D. Ga. Aug. 3, 2017).  A party "'may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.'"  Id. (quoting Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).  Significantly, motions for reconsideration must be filed within twenty-eight days after entry of the order or judgment.  LR 7.2(E).

## ANALYSIS

The Court will first address Plaintiff's request to set aside the order.  As an initial matter, the Court notes that Plaintiff fails to identify which provision of Rule 60(b) entitles him to relief.  Instead, Plaintiff generally argues that the Court misinterpreted his fraud claim.  Plaintiff further contends that the Court erred by

dismissing the fraud claim as untimely since he discovered the fraud within the last four years. Construing the motion liberally, the Court assumes that Plaintiff is moving to set aside the order under clause one (mistake), clause three (fraud) or clause six (any other reason that justifies relief) of Rule 60(b).

In the instant motion, the crux of Plaintiff's argument is that he was unaware of Defendant's alleged fraud until sometime within the previous four years. In essence, Plaintiff seems to assert that although he knew the insurance policy had been cancelled in 2016, he did not understand that it was cancelled for fraudulent reasons until much later.

The Court is not persuaded that Plaintiff has satisfied his burden to show that any of the provisions of Rule 60(b) apply here. Indeed, as to Plaintiff's argument that he did not discover the fraud until recently, the uncontroverted record evidence in this case demonstrates that Plaintiff knew that the life insurance policy was cancelled in June 2016 and that Plaintiff immediately began contesting the rescission of the policy at that time. Even if Plaintiff discovered additional evidence to support his fraud claim while this case was pending, this discovery does not save his claim from the statute of limitations. For this reason, setting aside the order is not appropriate.

Moreover, Plaintiff's argument is one that should have been raised immediately following judgment—not after the appeal period expired. See Kemp

v. United States, 596 U.S. 528, 538 (2022) (explaining that appellate courts have used the reasonable time standard to forestall abusive litigation by denying Rule 60(b)(1) motions alleging errors that should have been raised sooner in a timely appeal); see also Jackson v. Sec'y, Fla. Dep't of Corr., 791 F. App'x 1, 4 (11th Cir. 2019) (stating that Rule 60(b) motions should not be used to challenge mistakes of law which could have been raised on direct appeal).  Because Plaintiff failed to raise this argument until after the deadline to file an appeal expired, the Court finds that Plaintiff did not file the motion within a reasonable time.  See Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013) ("[A] Rule 60(b) motion filed after the time to appeal has run that seeks to remedy errors that are correctable on appeal will typically not be filed within a reasonable time.").  For this additional reason, the Court will not set aside its previous order under Rule 60(b).

Ultimately, the Court finds that Plaintiff failed to demonstrate that any of the circumstances set forth in Rule 60(b) apply.  The Court also concludes that the motion was not filed within a reasonable time.  Accordingly, to the extent that Defendant asks the Court to set aside the order, the motion is **DENIED**.

Plaintiff is also not entitled to reconsideration.  The local rules of this Court state that a motion for reconsideration must be filed with the clerk of court within twenty-eight days after the entry of an order or judgment.  Here, Plaintiff filed his motion thirty-eight days after the Court granted Defendant's Motion for Summary

Judgment.  Therefore, to the extent that Plaintiff asks for reconsideration, Plaintiff's motion is **DENIED** as untimely.  Alternatively, even if Plaintiff timely filed the motion, Plaintiff has not demonstrated the existence of a situation for which such motion may be granted.  Specifically, Plaintiff has not shown an intervening change in controlling law, new evidence or the need to correct clear error or prevent manifest injustice.  For this alternative reason, reconsideration is not warranted here.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Set Aside Dismissal, or in the Alternative, Motion to Reconsider Order [Doc. 33] is **DENIED**.

**SO ORDERED** this 23rd day of October, 2024.

J. P. BOULEE
United States District Judge